# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Northern Division

| | | |
|---|---|---|
| ROBERT POSTON | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 1:05-cv-02951-WMN |
| JAMES KENNEDY, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SERVICE

Defendants, James Kennedy and Joanne Kennedy, by their counsel, David W. Skeen and Wright, Constable & Skeen, LLP, hereby submit this Memorandum in Support of their Motion to Dismiss for Lack of Service and state in support thereof as follows.

Plaintiff and Defendants were involved in a motor vehicle accident in Baltimore County, Maryland on June 14, 2002. Plaintiff did not file suit until June 10, 2005, 4 days prior to the expiration of the three-year statute of limitations for tort actions. The docket reflects that the clerk never issued a summons. Defendants did not receive a summons or the complaint via any method, let alone in person or certified mail service as required under Maryland Rule 2-121. In fact, further investigation of the court file in preparation of this Motion revealed that an undocketed letter had been sent to the clerk requesting that a summons not issue. (See Declaration of Meighan E. Griffin, attached hereto.)

175225 v. (11087.00001)

ARGUMENT

The federal courts entertaining diversity jurisdiction of an action following removal from state court must apply state law as to any service (or lack thereof) prior to removal. See Eccles v. National Semiconductor Corp., 10 F. Supp.2d 514 (D. Md. 1998)(noting that "state law applies to pre-removal conduct" and finding dismissal appropriate under Maryland Rule 2-507(b)). Under Maryland Rule 2-507(b), an action against any defendant who has not been served is subject to dismissal as to that defendant "at the expiration of 120 days from the issuance of original process directed to that defendant." Md. Rule 2-507(b).

In Reed v. Cagan, 128 Md. App. 641, 739 A.2d 932 (1999), the complaint was filed 3 days before the expiration of the three-year statute of limitations, just as in this case. The court found that the plaintiff failed to show good cause for the failure to serve the defendant for nearly two years, and thus the trial court acted within its discretion by dismissing the suit. The plaintiff could give no explanation for his failure to serve the defendant. Under Reed, when a plaintiff fails to show justification for his failure to serve a defendant, the court can draw an inference of prejudice from the delay itself. Id. at 649.

In Eccles v. National Semiconductor Corp., 10 F. Supp.2d 514 (D. Md. 1998), well over a year after the plaintiff filed her complaint in state court, the court issued a notice of contemplated dismissal under Rule 2-507, and the plaintiff filed a motion to defer dismissal within 30 days thereafter. The defendant who had not been served, but who did receive a copy of the notice of

175225 v. (11087.00001)                        2

contemplated dismissal, filed a notice of removal to the federal court.  The defendant argued in the federal court for dismissal of the complaint for lack of service within 120 days.  The court dismissed the complaint, stating:

> A litigant meets Rule 2-507(e)'s 'good cause' standard by proving willingness to proceed with the prosecution of the claim, and that the delay is not completely unjustified.  Additionally, the trial court should consider whether the non-movant's delay substantially prejudiced the movant.  Plaintiff's failure to serve process in state court for approximately two years after initiating the litigation clearly shows that she had no interest in seriously pursuing the matter in state court.  Nor has Plaintiff proffered the slightest justification for her inexcusable delay. … Accordingly, dismissal is appropriate under Maryland Rule 2-507 as applied to Plaintiff's pre-removal conduct. Id. at 520.

In Gant v. Kant, 314 F. Supp.2d 532 (D. Md. 2004), the plaintiff filed her complaint on July 25, 2003 in state court.  On August 27, plaintiff faxed and sent by certified mail a copy of the complaint to the defendants at their home.  Only one defendant signed.  About two months later, defendants removed the action to federal court, and filed an answer soon thereafter.  The defendant who did not sign the certified mail receipt also did not sign the answer.  The answer asserted an affirmative defense of lack of jurisdiction based on insufficiency of service of process, and that same day the unsigned defendant submitted a 'statement about service,' declaring that she had never been served.  The court treated this paper as a motion to dismiss for insufficiency of process and insufficiency of service of process, and found that the failure of plaintiff to obtain a signature from the defendant or otherwise properly serve her rendered the service invalid.  The court accordingly granted the 'motion to dismiss.' Id. at 533-534.

Case 1:05-cv-02951-WMN   Document 9-1   Filed 11/01/05   Page 4 of 4

In this case, Plaintiff filed his Complaint on June 10, 2005, and for some reason instructed the court clerk not to issue summons. Defendants were never served with a summons or complaint, as is required by Maryland law for the courts to entertain jurisdiction over a defendant,[1] and Defendants have yet to be properly served. Moreover, the 120 day period from the filing of the complaint, in which Plaintiff must serve the Defendants, expired on October 10, 2005. Where the plaintiff has waited three years to file suit and then never served the complaint under the cases prejudice must be presumed.

Defendants have made no attempt to evade service and have been available for such at their address in Illinois since June 2002. Therefore, under Maryland Rule 2-507 and the supporting holdings of Reed, Gant, and Eccles, Defendants James and Joanne Kennedy respectfully request that their Motion to Dismiss be granted and Plaintiff's action dismissed.

Respectfully Submitted,

                                             /s/
                           David W. Skeen # 01084
                           Wright, Constable & Skeen, LLP
                           100 N. Charles St., 16th Floor
                           Baltimore, Maryland 21201-3812
                           Telephone: (410) 659-1305
                           Facsimile: (401)659-1350
                           *Attorneys for Defendants*

---

[1] See, e.g., Sheehy v. Sheehy, 250 Md. 181, 184, 242 A.2d 153 (1968) ("If the defendant was not properly served the [trial court] had no jurisdiction and the decree issued was invalid and without significance").

175225 v. (11087.00001)                                     4