**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

ROBERT POSTON                *

    Plaintiff                  *

vs.                           *       Civil Action #1:05-cv-02951-WMN

JAMES AND JOANNE KENNEDY    *

    Defendants               *

   *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FOR LACK OF SERVICE

This suit arises based on an allegation of negligence from a motor vehicle accident involving the parties that occurred on June 14, 2002 in Baltimore County, Maryland. Prior counsel filed this lawsuit in the Circuit Court for Baltimore County on June 10, 2005. Undersigned counsel entered his appearance on behalf of the Plaintiff on September 15, 2005.

Also on or about September 15, 2005 a Motion to Transfer Venue to the Circuit Court for Baltimore City was filed in the Circuit Court for Baltimore County. That Motion was granted by the Honorable Judge Turnbull on or about October 6, 2005. On or about October 28, 2005 Defendant's filed a Notice of Removal in the Circuit Court for Baltimore County, however, apparently, the Notice was returned to the Defendants due to the transfer of the

1

case from the Circuit Court for Baltimore County to Baltimore City. Defendants then filed a Notice that Action Has Been Removed to the United States District Court for the District of Maryland in the Circuit Court for Baltimore City, without benefit of an assigned case number, on or about November 7, 2005.[1]

Plaintiff's counsel received via regular mail copies of both Notices of Removal filed in both Circuit Courts, along with copies Exhibits and Attachments. By way of correspondence from opposing counsel dated November 29, 2005, undersigned counsel received his first notice that a Motion to Dismiss for Lack of Service had been filed in this Court. The letter from opposing counsel states that "we have notice that you have not responded to our Motion to Dismiss, and it is unclear whether you have signed up for the U.S. District Court's E-File System, however, you should have received a letter from the Court Clerk requesting you to do so on October 31, 2005". A copy of the Motion to Dismiss for Lack of Service was attached to opposing counsel's November 29, 2005 correspondence and indicates a Certificate of Service of November 1, 2005 via "electronic filing and/or mailed, first class, postage prepaid". The undersigned counsel was never in receipt of the Motion to Dismiss until it was attached to opposing counsel's November 29, 2005 correspondence.

It is not known why the first Notice of Removal dated October 28, 2005 and the

---

[1] Plaintiff was not notified by the Circuit Court for Baltimore County or defense counsel that the Notice of Removal had been returned until after the notice had been filed in the Circuit Court for Baltimore City.

second Notice of Removal dated November 7, 2005 were both received by undersigned counsel via regular mail but the Motion to Dismiss, dated November 1, 2005 was not received via regular mail until attached opposing counsel's letter of November 29, 2005[2].

Defendants seek to dismiss this case pursuant to Maryland Rule of Procedure 2-507(b), apparently because the Defendants "were not properly served with process for over 120 days under Maryland Rule 2-507(b)". Of course, the rule does not require dismissal but simply states that an action is subject to dismissal at the expiration of 120 days from the issuance of original process directed to that Defendant. It must be noted that there was no original process ever issued in this matter, as original Plaintiff's counsel did not request a summons with the initial filing of the Complaint.

Moreover, the Defendants have not alleged that the perceived delay in service of process has resulted in any prejudice to the Defendants. In a Motion to Dismiss based upon Maryland Rule 2-507, the movant is required to plead and prove prejudice and merely alleging a time certain has lapsed is not sufficient. Thomas vs. Ramsburg, 99 Md. App. 395, 637 A2d. 863 (1994). In it's own Memorandum In Support of it's Motion to Dismiss, Defendant cites Eccles vs. National Semiconductor Corp., 10 F. Supp.2d 514 (D. Md. 1998) which contemplated dismissal for lack of prosecution pursuant to Maryland Rule 2-507(c), rather then Maryland Rule 2-507(b) upon which Defendant's Motion is based. The

---

[2]     In fact, Plaintiff's counsel was not registered to participate in this Courts E-File system until November 6, 2005. Defense counsel could not have received confirmation from E-Filing system that it's Motion to Dismiss was served on Plaintiff's counsel on November 1, 2005.

difference, of course, is that Maryland Rule 2-507(c) is a dismissal for lack of prosecution "only after two (2) years from the last such docket entry".

Defendant also cites Reed vs. Cagan, 128 Md. App. 641, 739 A2d. 932 (1999) but that failure in prosecuting the case was nearly two (2) years and in Eccles vs. National Semiconductor Corp., supra, the delay was well over a year after the Plaintiff filed the Complaint in State Court. There is obviously no delay of any such magnitude in this matter.

This lawsuit was filed on **June 11, 2005**. Undersigned counsel entered his appearance on **September 15, 2005**. A Motion to Transfer Venue was granted by the Circuit Court for Baltimore County on or about **October 11, 2005**. Defendant filed a Notice of Removal in the Circuit Court for Baltimore County on or about **October 28, 2005** and a Second Notice of Removal in the Circuit Court for Baltimore City on or about **November 7, 2005**. There has obviously been substantial activity in this case. Plaintiff has not requested the Writ of Summons prior to this date simply because the case has not been firmly established in any one (1) Court sufficiently long enough to allow the Defendants required time to respond to the lawsuit in the appropriate Court. A Writ of Summons could not be requested from the Circuit Court for Baltimore County because a Motion to Change Venue was filed. A Writ of Summons could not be requested from the Circuit Court for Baltimore City because, prior to the removal notice being filed, the Circuit Court for Baltimore City had not yet acknowledged receipt of the case from Baltimore County and had not assigned

a case number. This case has resided in this Court only since October 28, 2005.[3] Maryland Rule 2-507 was promulgated to remove "dead" cases from the docket, not to penalize Plaintiff for the procrastination of their attorneys. Dypski vs. Bethlehem Steel Corp., 74 Md. App. 692, 539 A2d. 1165, cert. denied, 313 Md. 30, 540 A2d. 857 (1988). The purpose of the rule is to clear the docket of cases that the parties no longer wish to litigate. Thomas vs. Ramsburg, supra. The above captioned case is hardly one the parties no longer wish to prosecute nor a case that has been dormant for so long that it should be removed from the Court's docket. Quite the contrary, there has been constant and significant activity in this case and Defendants Motion to Dismiss for Lack of Service of Process at such an early stage in the case and without even an allegation of any prejudice to the Defendants makes clear that the Motion to Dismiss is dilatory and simply seeks to delay an eventual trial on the merits.

Lastly, of even date herewith, Plaintiff has issued a Notice of Lawsuit and Request for Waiver of Service of Summons to the Defendants, with copies to opposing counsel, as further evidence that this matter is being prosecuted diligently, without any significant period of inaction for this Court to affirmatively conclude that the case should be dismissed. See, Stanford vs. District Title Insurance Company, 260 Md. 550, 273 A2d. 190 (1971) and

---

[3]    It is unclear whether the October 28, 2005 attempted removal from State Court by Defendants was proper as the case did not reside in the Circuit Court for Baltimore County on that date. Accordingly, the removal from State Court may actually have been accomplished no earlier then November 7, 2005, when the Notice of Removal was filed in the Circuit Court for Baltimore City.

<u>Cooney vs. Board of County Commissioners</u>, 21 Md. App. 57, 318 A2d. 231 (1974).

                        Respectfully submitted,


                        _____
                        MICHAEL E. MEHRING, ESQ. #07161
                        10 North Calvert Street, Suite #712
                        Baltimore, Maryland 21202
                        (410) 783-4200
                        Attorney for Plaintiff


## **CERTIFICATION**

       I hereby certify that on this 1st day of December, 2005, a copy of the Memorandum In Support of Plaintiff's Response to Defendant's Motion to Dismiss for Lack Service was served via electronic filing and/or mailed, first class, postage prepared to David Skeen, Esquire, One Charles Center, 16th Floor, 100 North Charles Street, Baltimore, MD 21201.


                        _____
                        MICHAEL E. MEHRING, ESQ. #07161