IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| ROBERT POSTON | * | |
| Plaintiff | * | |
| | | CIVIL ACTION |
| v. | * | |
| | | NO. 1:05-cv-02951-WMN |
| JAMES KENNEDY, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SERVICE**

Defendants, James Kennedy and Joanne Kennedy, by their counsel, David W. Skeen and Wright, Constable & Skeen, LLP, hereby submit this Memorandum in Reply to Plaintiff's Response to their Motion to Dismiss for Lack of Service and state in support thereof as follows.

I.   UPDATED PROCEDURAL HISTORY

Plaintiff filed suit on June 10, 2005, 4 days prior to the expiration of the three-year statute of limitations for tort actions. The Baltimore County clerk was instructed by plaintiff's counsel not to issue a summons. Therefore, summons was never issued nor was the Complaint ever served on Defendants. On October 11, 2005 the Circuit Court for Baltimore County granted Plaintiff's *ex parte* motion to transfer, however, the file was not transferred to Baltimore City until October 31. On October 28, Defendants filed their Notice of Removal

in the Circuit Court for Baltimore County, because the file had not yet been transferred to Baltimore City, (the County was awaiting payment of costs). The City had no case number. On November 1, Defendants filed their Motion to Dismiss for Lack of Service via the federal court's e-file system. On October 31, the Baltimore County file was physically transferred to Baltimore City. The Baltimore County Clerk then returned the October 28, 2005 Notice of Removal to Defendants. Upon receipt of the returned Notice, Defendants filed another Notice of Removal in Baltimore City on November 7, 2005, and a case number was assigned.

After the time for responding to Defendants' Motion to dismiss had expired, Defendants realized that Plaintiff had not filed a response. Unsure as to why this had occurred, Defendants wrote Plaintiff and enclosed a copy of the Motion. In his Response, filed December 1, 2005, Plaintiff states that he did not receive the Motion until receiving Defendants' letter of November 29 and for this reason, Defendant does not object to Plaintiff's response as untimely.

II. ARGUMENT IN REPLY

Plaintiff's response to Defendants' Motion to Dismiss asserts: (1) that Plaintiff has provided some justification for its instruction to the clerk <u>not</u> to issue a summons and his delay in serving Defendants, and (2) that Defendants must show that they have suffered some prejudice in order to prevail on their Motion to Dismiss. For the reasons set forth below neither assertion is correct.

1. Plaintiff has neither explained nor justified the decision to instruct the clerk not to issue a summons or to serve Defendants.

Plaintiff's only explanation for plaintiff's counsel's direction to the clerk for the Circuit Court of Baltimore County not to issue a summons when the suit was filed 4 days before the expiration of the statute of limitations was "because the case had not been firmly established in any one (1) court sufficiently long enough to allow the defendants required time to respond to the lawsuit in the appropriate court." (Plaintiff's Memorandum p. 4.)  First, this explanation is not supported by any sworn testimony as to the reasoning of the plaintiff's previous counsel.  Second, this explanation is certainly not borne out by events as the suit remained pending for over three (3) months before any action was taken to transfer it.  Certainly service could have been obtained on Defendants within a matter of days by sending by certified mail a Summons and Complaint to each defendant in Chicago.  Plaintiff's counsel's *ex post facto* speculation as to what prior counsel was thinking when he instructed the clerk not to issue a summons qualifies neither as an explanation nor a justification for the delay.

    2.    When the delay is unexplained or unjustified prejudice will be presumed under the circumstances of this case.

The Maryland law applicable to dismissal under Rule 2-507(b) is set forth in the case of <u>Reed v. Cagan</u>, 128 Md. App. 641 (1999).  Therein the court preliminarily notes that the Court of Appeals of Maryland has announced that it "is totally committed to the proposition that 'justice delayed is justice denied'." <u>Id.</u> at 647 (internal quotations omitted).  The important point decided by <u>Reed</u> is stated in the following proposition:

> With a justified delay a higher threshold for demonstration of prejudice should be applied. In the absence of any justification for such a lengthy delay, however, the trial court acted within its discretion in drawing an inference of prejudice from the delay itself, coupled with ongoing litigation against other defendants before service of appellee. Id. at 649.

The reasons for this are the same as the justifications for the statutes of limitations, namely: "… to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidenced has been lost…." Id. at 653-54 (quoting Reid v. Sweeney, 62 Md. App. 231, 235 (1985) (quoting Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S. Ct. 1137, 1142 (1945)). The court further notes that:

> A dismissal under subsection (b) of Rule 2-507 for lack of jurisdiction arising from a failure to serve the defendant raises different concerns, and should be governed by different standards than a dismissal for lack of prosecution under subsection (c). Id. at 651-52.

The court explained that under the former practice, prior to 1983, the statute of limitations was tolled only by issuance of a writ of summons and a renewal at least once in order to permit the case to lie "dormant." Id. at 652. Following the rule change, issues of staleness were to be addressed by the court's reference to Rule 2-507(b). The court said, "because subsection (b) is the only part of Rule 2-507 that involves the jurisdictional problems raised by failure to serve process, its purpose differs from the purpose of the other subsections of Rule 2-507." Id. at 653.

Plaintiff's assertion that "there has obviously been substantial activity in this case," rather than militating against dismissal, instead supports a motion

to dismiss under Rule 2-507(b). That is to say, the more activity occurring on the docket in the absence of unserved Defendants, the more prejudice will be presumed, as was the case in Reed.

Finally, the plaintiff has filed a "Notice of Lawsuit and Request for Waiver of Notice of Service of Summons," which he has sent directly to the defendants, the Kennedys. One can only assume that this was done in hopes that defendants would waive service of process and consequently the basis for the present Motion to Dismiss. Accordingly, at this time Defendants decline the invitation. Plaintiff's counsel could certainly just as easily have served a copy of the Summons and Complaint by Certified Mail as provided by Maryland Rule 2-121 and Federal Rule of Civil Procedure 4(e)(1), rather than requesting a waiver of service under Rule 4(d) of parties who have already filed a motion to dismiss based on a lack of service.

3. Conclusion

For the above stated reasons the Plaintiff has failed to articulate any substantive justification for its failure to serve defendants. The only existing authority on the subject holds that prejudice is presumed under these circumstances. Accordingly this Court would be well justified in dismissing the action.

_____/s/_____
David W. Skeen #01084

        /s/
Wright, Constable & Skeen, LLP
100 N. Charles St., 16th Floor
Baltimore, Maryland 21201-3812
Telephone: (410) 659-1305
Facsimile: (401)659-1350
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of December 2005, a copy of Defendants' Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Service and Memorandum in Support thereof were served via electronic filing and/or mailed, first class, postage prepaid, to:

Michael Mehring, Esquire
Shugarman & Mehring
10 N. Calvert Street
Baltimore, MD 21202

        /s/
David W. Skeen