IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT POSTON                  :
                               :
v.                             :   Civil No. WMN-05-2951
                               :
JAMES KENNEDY et al.           :

**MEMORANDUM**

Before the Court is Defendants' Motion to Dismiss for Lack of Service.  Paper No. 9.[1]  The motion is fully briefed.  Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary and that the motion will be denied.

This action arises out of an automobile accident that occurred on June 14, 2002.  Plaintiff alleges that while waiting at a red light, he was rear ended by a motor vehicle being driven by Defendant James Kennedy.  Barely escaping limitations, Plaintiff filed suit in the Circuit Court for Baltimore County on June 10, 2005.  When filing the suit, Plaintiff's counsel sent an un-docketed letter to the clerk of the court requesting that a summons not be issued.  See Defs.' Exh. B.  On September 15, 2005, new counsel entered his appearance for Plaintiff and also moved to have the case transferred to the Circuit Court for

---

[1] Plaintiff has also filed a "Motion to Issue Summons." Paper No. 19.  That motion will be granted and the Clerk will be instructed to issue the summonses.  Plaintiff is cautioned, however, that under Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished with 120 days of the date of removal.  See Eccles v. National Semiconductor Corp., 10 F.Supp.2d 514, 519 (D. Md. 1998).

Baltimore City.  That motion was granted on October 6, 2005.[2]

Although Plaintiff's <u>ex parte</u> motion to transfer the case from Baltimore County Circuit Court to Baltimore City Circuit Court was granted in early October, the file was not transferred to Baltimore City until October 31, 2005.  In the meantime, Defendants, who had yet to be served but had somehow gained extrajudicial notice of the pendency of the action,[3] filed a notice of removal on October 28, 2005.  Because they were aware that the file had yet to be transferred, Defendants filed the notice in the Baltimore County Circuit Court.  After the County Court transferred the file to the City, the County Court returned the notice of removal to Defendants.  Defendants then filed a second notice of removal in the Baltimore City Circuit Court on November 7, 2005.

On November 1, 2005, Defendants, assuming that the removal had been accomplished, filed in this Court a motion to dismiss on the ground that Plaintiff had failed to serve them with process as required under Maryland Rule 2-507.  On December 1, 2005, Plaintiff filed an opposition to the motion and also sent Defendants a "Notice of Lawsuit and Request for Waiver of Service."  Defendants did not agree to waive service and they remain, to this date, unserved.  On February 2, 2006, Plaintiff

---

[2] According to Defendants, the motion was granted on October 11, 2005.

[3] The Court assumed that the Baltimore County Circuit Court sent Defendants a copy of the order granting the motion to transfer.

2

filed a motion in this Court asking that summonses be issued in this action.

In an action removed to federal court on the basis of diversity jurisdiction, the district court must apply state law as to any issues related to service or non-service of process prior to removal.  See Eccles v. National Semiconductor Corp., 10 F.Supp.2d 514, 519 (D. Md. 1998) ("it is [] well-settled that state law governs the sufficiency and service of process before removal").  Rule 2-507(b) of the Maryland Rules of Civil Procedure provides that "[a]n action against any defendant who has not been served or over whom the court has not otherwise acquired jurisdiction is subject to dismissal as to that defendant at the expiration of 120 days from the issuance of original process directed to that defendant."  According to Defendants, the deadline for service expired on October 10, 2005.

Plaintiff is correct that Rule 2-507 does not require dismissal if service is not accomplished within the requisite 120 days; it simply states that an action is "subject to dismissal." The rule specifically allows for a deferral of dismissal "for good cause shown."  Maryland Rule 2-507(e).  This Court has held that a "litigant meets Rule 2-507(e)'s 'good cause' standard by proving willingness to proceed with the prosecution of the claim, and that the delay is not completely unjustified."  Eccles, 10 F.Supp.2d at 520 (citing Powell v. Gutterrez, 529 A.2d 352, 355 (Md. 1987)).  In addition, "the trial court should consider whether the non-movant's delay has substantially prejudiced the

movant." Id.  Whether an action should be dismissed is "committed to the sound discretion of the trial court." Reed v. Cagan, 739 A.2d 932, 935 (Md. App. 1999).

Plaintiff's explanation for his failure to timely effect service is not completely satisfying.  When he filed his opposition to the motion, Plaintiff states that he "ha[d] not requested a Writ of Summons prior to [that] date simply because the case ha[d] not been firmly established in any one (1) Court sufficiently long enough to allow the Defendants the required time to respond to the lawsuit in the appropriate Court." Opp'n 4.  While the pendency of a motion to transfer, followed by the delay in actually transferring the action once the motion was granted explains why there may have been some uncertainty as to whether or how best to accomplish service during the final month of the 120 day service period, it does not explain why service was not attempted during the first three months of the period.

Defendants' demonstration of prejudice, however, is equally wanting.  Defendants learned of the pendency of this action within a few weeks of the expiration of the 120 day period.  In contrast, in each of the two decisions upon which Defendants most heavily rely, Eccles and Reed, the plaintiff delayed service of process for about two years.  Furthermore, in Reed, the court noted that the case had been proceeding against other defendants during that two year period and the movant had "suffered because discovery depositions had been taken, in his absence, regarding issues material to his liability."  739 A.2d at 939.

4

While the lack of a compelling reason for Plaintiff's delay in effecting service renders the decision on Defendants' motion a close call, after balancing the relevant factors, the Court concludes that the motion to dismiss must be denied.  As the Maryland Court of Appeals aptly observes, "our concern with expeditious case management should not blind us to the true goal of our system, which is to provide a fair determination of legitimate issues brought before us."  <u>Powell</u>, 529 A.2d at 356.

A separate order consistent with this memorandum will issue.

/s/
William M. Nickerson
Senior United States District Judge

Dated: February 15, 2006